UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| INTER/NATIONAL RENTAL INSURANCE SERVICES, INC. d/b/a USI RENTAL SPECIALTIES<br><br>    *Plaintiff*,<br><br>v.<br><br>GERALD "GUS" ALBRECHT,<br><br>    *Defendant*. | CASE NO. 4:11–CV–00853 |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE DENYING MOTION TO DISMISS, GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AGAINST GERALD "GUS" ALBRECHT, AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

Now before the Court are Plaintiff's Emergency Application for Temporary Restraining Order and Preliminary Injunction (Dkt. 10) and Defendant's Rule 12(b)(1) Motion to Dismiss (Dkt. 6). The Court held a hearing on February 22, 2012. At the hearing, both parties were represented by counsel. Having heard the arguments of counsel, the application and the record before the Court, the Court declines to dismiss this case and finds that a temporary restraining order is warranted.

### FACTUAL BACKGROUND

This case involves a dispute over a covenant not to compete. Plaintiff Inter/National Rental Services, Inc. d/b/a USI Rental Specialties ("USI") seeks the entry of a temporary restraining order and preliminary injunction to enjoin Defendant Gerald "Gus" Albrecht ("Albrecht") from continuing to breach his covenant not to compete with respect to USI customers and prospective customers with

1

whom he had personal contact, for whom he provided services, or about whom he acquired confidential information.

USI is an insurance brokerage and consulting firm specializing in delivering risk management and insurance solutions to rental equipment operations. Albrecht was employed by USI from January 2003 to December 1, 2011, and, at the time of his resignation, held the position of Producer and Vice President. According to Plaintiff, Albrecht was responsible for, among other things, soliciting and providing services to rental industry prospects and customers, marketing insurance products offered by USI, and handling client contact on his assigned accounts. Plaintiff claims that Albrecht was the "face of USI" to the USI clients and prospective clients that he serviced and solicited, and USI invested in that relationship by providing Albrecht with the opportunity to develop goodwill for USI through his continued interactions with USI customers and prospects.

At the hearing, Plaintiff argued that, in order to perform his job, USI was required to – and did – provide Albrecht with access to its confidential and proprietary information, including highly confidential information concerning the underwriting guidelines and pricing structures associated with its rental insurance program. Plaintiff further alleges that during his employment with USI, Albrecht participated in confidential strategy communications concerning the products that he was selling, and acquired confidential information throughout these discussions. According to Plaintiff, Albrecht also acquired confidential information concerning the USI customers and prospects in his region, including customer preferences, needs, coverages, pricing, and expiration dates. Plaintiff seeks a temporary restraining order restraining Albrecht from violating the terms of his covenant not to compete.

# JURISDICTION

Defendant has first argued that the Court lacks subject matter jurisdiction over Plaintiff's claims here. Specifically, Defendant has alleged that Plaintiff has failed to show an amount in controversy sufficient to confer diversity jurisdiction.

Diversity jurisdiction exists in federal district courts when the suit involves a controversy between citizens of different states *and* the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Dismissal of a diversity action for want of jurisdiction is justified *only where it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount*." *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1012 (5th Cir. 1979) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938); *Burns v. Anderson*, 502 F.2d 970 (5th Cir. 1974)) (emphasis added). "In making that determination the district court may look, not only to the face of the complaint, but to the proofs offered by the parties." *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir. 2001). If the complaint states a proper amount in controversy, then should generally not dismiss the case for want of jurisdiction "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Nat'l Union Fire Ins. Co. v. Russell,* 972 F.2d 628, 630 (5th Cir.1992) (quoting *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed.2d 890 (1961)).

Here, both Plaintiff's original and amended complaints allege an amount in controversy in excess of $75,000. *See* Dkt. 1 at ¶6 and Dkt. 15 at ¶9. And, Plaintiff claims that the revenue stream at issue exceeds $400,000 per year. The Court finds that it has jurisdiction of this matter and that, on the face of Plaintiff's complaint, the amount in controversy is met. *See Hartford Ins. Grp. v.*

*Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (describing the measurement of the amount in controversy as the value of the right to be protected or the extent of the injury to be prevented). Therefore, Defendant's Rule 12(b)(1) Motion to Dismiss (Dkt. 6) should be denied.

## TEMPORARY RESTRAINING ORDER

Finding that it has jurisdiction, the Court turns to Plaintiff's request for injunctive relief.

### STANDARD

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained...." FED. R. CIV. P. 65(d). Plaintiffs seeking injunctive relief must show:

  (1)  a substantial likelihood of success on the merits,

  (2)  a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted,

  (3)  that the threatened injury outweighs any damage that the injunction might cause the defendant, and

  (4)  that the injunction will not disserve the public interest.

*Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The party seeking an injunction carries the burden of persuasion on all four requirements. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).

### ANALYSIS

USI has presented sufficient evidence to show that, in exchange for providing Albrecht with its confidential information and the opportunity to develop goodwill on behalf of USI, USI and Albrecht entered into an Employment Agreement that, among other things, prohibits Albrecht from

4

competing with USI in certain respects for a period of two years following the termination of his employment with USI. Plaintiff has also alleged that, shortly after Albrecht resigned his employment with USI, USI notified Albrecht that it was waiving certain provisions of his restrictive covenants, and would limit enforcement of his covenant not to compete to clients and prospects with whom he had personal contact, to whom he provided services, or about whom he received confidential information during his employment with USI.

Albrecht contends that USI has unilaterally reformed the agreement picking and choosing what provisions it desires to enforce. If the agreement is enforceable, then the Court has the duty to reform the agreement. *See* TEX. BUS & COM. CODE §15.51 (c). He also contends that many of the customers USI wants to prohibit him from contacting were his customers prior to joining USI. Every contract in restraint of trade is unlawful. *See* TEX. BUS & COM. CODE §15.05(a). Yet, a covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that is necessary to protect the goodwill or other business interest of the promisee. TEX. BUS & COM. CODE §15.50(a).

Covenants that place limits on former employees' professional mobility or restrict their solicitation of the former employers' customers and employees are restraints on trade and are governed by the Act. *See DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 681–82 (Tex. 1990); *Miller Paper Co. v. Roberts Paper Co.,* 901 S.W.2d 593, 599–600 (Tex. App. - Amarillo 1995, no writ) (stating that non-solicitation covenants prevent the employee from soliciting customers of the employer and effectively restrict competition); *see also Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464–65 (5th Cir. 2003) (applying Texas law and stating that non-solicitation covenants

5

restrain trade and competition and are governed by the Act); *Rimkus Consulting Grp., Inc. v. Cammarata,* 255 F.R.D. 417, 438–39 (S.D. Tex. 2008) (holding that a "nonsolicitation covenant is also a restraint on trade and competition and must meet the criteria of section 15.50 of the Texas Business and Commerce Code to be enforceable" (citations omitted)). Agreements not to disclose trade secrets and confidential information are not expressly governed by the Act. *See, e.g., CRC–Evans Pipeline Int'l, Inc. v. Myers,* 927 S.W.2d 259, 265 (Tex. App. - Houston [1st Dist.] 1996, no writ); *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 663 (Tex. App. - Dallas 1992, no writ); *see also Olander v. Compass Bank,* 172 F. Supp.2d 846, 852 (S.D. Tex. 2001).

USI presented evidence that Albrecht is engaged in ongoing communications with at least one USI customer with whom he had personal contact and about whom he received confidential information while at USI, and attempting to transfer that account to Jenkins Insurance Group, his current employer and a competitor of USI. USI asserts that Albrecht's conduct poses an imminent and irreparable threat to USI for which no adequate remedy at law exists. Albrecht argues that there is an adequate remedy at law in the form of damages and no injunction is thus warranted. According to USI, client relationships and knowledge of certain highly confidential information concerning the underwriting guidelines and pricing structures associated with USI's rental insurance programs are the core of the rental insurance business. USI argues that if Albrecht is permitted to use the goodwill and client relationships he developed at USI and on USI's behalf, as well as USI's confidential and proprietary information, to compete with USI on behalf of Jenkins, USI will suffer an immediate and irreparable injury.

The Court finds that USI has set forth sufficient grounds to entitle it to a temporary restraining order to prevent Albrecht from continuing to breach his covenant not to compete. USI

has made a sufficient showing that there is a substantial likelihood it will succeed on the merits of its claim for breach of the covenant not to compete against Albrecht. USI is seeking only to enforce the covenant not to compete with respect to USI customers and prospective customers with whom Albrecht had personal contact, provided services to, or about whom he received confidential information while employed by USI, and USI has affirmatively waived any provision of the covenant not to compete that exceeds this scope.

The Court finds that Texas law governs the matters presented herein, and that the scope of the restraint sought is reasonable under Texas law except that the Court finds that the agreement should be reformed as noted below. The Court also finds that an otherwise enforceable agreement exists between the parties, and the covenant not to compete is ancillary to or part of that agreement. Based upon these findings, the Court concludes that USI has presented sufficient evidence demonstrating a substantial likelihood that Albrecht's covenant not to compete as limited by USI is valid and enforceable under § 15.50 et seq of the Texas Business and Commerce Code.

The Court finds that USI has presented sufficient evidence to demonstrate that a substantial likelihood that Albrecht has breached the covenant not to compete as limited by USI, and the Court and that Albrecht is likely to continue breaching the covenant unless a temporary restraining order is issued. USI presented evidence that Albrecht is engaged in ongoing communications with at least one current USI customer with whom he worked while at USI, and attempting to move that customer's business from USI to Jenkins Insurance Group, his new employer. The Court finds this evidence both credible and sufficient. This was not rebutted in Albrecht's response to the Court.

The Court also finds that USI has shown that immediate and irreparable harm may result if Albrecht is not enjoined from continuing to communicate with USI customers with whom he had

personal contact, provided services to, or about whom he received confidential information while employed by USI. Absent an injunction, Albrecht's conduct would leave USI with no adequate remedy at law because USI will lose business and goodwill, as well as the confidential information that it entrusted to Albrecht, which would give Albrecht an unfair competitive advantage in the marketplace. This Court has previously recognized that the loss of business and goodwill are immeasurable through money damages. *See Simmons v. Quixtar, Inc.*, No. 2007 WL 3256244 (E.D. Tex. 2007) (granting preliminary injunction where Plaintiffs would have no adequate remedy at law because "they will lose business and goodwill, which are immeasurable through money damages"). The evidence presented at the February 22, 2012 hearing demonstrated that USI's goodwill and business are imminently threatened by Albrecht's conduct because client relationships, knowledge of the underwriting guidelines and procedures, pricing needs and structures, and expiration dates of client policies are at the core of the insurance brokerage business. Thus, Albrecht's ability to use this information to unfairly compete with USI poses an credible and serious threat to its goodwill, confidential information, and profits for which USI will have no adequate remedy at law.

The Court also finds that the threatened injury to USI outweighs any potential harm to Albrecht, as the restraint imposed reflects the contractual agreement between the parties. The Court also finds that the entry of a temporary restraining order will not disserve the public interest and, indeed, will serve the public's interest in enforcing covenants not to compete in Texas. For these reasons and in order to preserve the status quo until a full evidentiary hearing on the matter can be held, the Court finds that a temporary restraining order should be issued.

The Court, however, finds that the prohibition for contact of "active prospective customers"– proposed by Plaintiff – is too broad. Under Plaintiff's proposed definition, an active prospective

customer could have been contacted by anyone in USI's organization, even without Albrecht's knowledge. That contact could have occurred two years prior to Albrecht's resignation. Even if that customer did not come on board, the agreement would prevent any contact with that person for a period of two years even if that person did business with another agency. The Court finds that provision is simply too broad. Therefore, the Court reforms that provision of the agreement and it shall not extend to an active prospective client of USI.

Defendant Gerald "Gus" Albrecht, and his respective officers, managers, trustees, agents, servants, employees, attorneys, confederates, and all other persons in active concert or participation with him, are hereby restrained and enjoined immediately from, directly or indirectly:

> soliciting, selling, servicing, managing, providing, or accepting any request to provide, or otherwise profiting or benefitting from, or inducing the termination, cancellation, or non-renewal of, any USI business from or by any person, corporation, firm or other entity, whose account constituted a Client Account of USI at any time within the 24 months preceding the date of termination of Albrecht's employment with the Company

Further, unless the parties are able to reach an agreement as to the injunctive relief requested, the Court will hold an evidentiary hearing on the request for Preliminary Injunction on ***March 12, 2012 at 1:30 p.m.***

No bond will be required until the Court conducts the preliminary injunction hearing.

## RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant's Rule 12(b)(1) Motion to Dismiss (Dkt. 6) be DENIED, that Plaintiff's Emergency Application for Temporary Restraining Order and Preliminary Injunction (Dkt. 10) be GRANTED in part and that the district court enter a temporary restraining order preventing Defendant from continuing to breach his covenant not to compete on the terms set forth above.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 274, 276–77 (5th Cir. 1988).

**SIGNED this 27th day of February, 2012.**

*[signature: Don D. Bush]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE